**Jatinder SINGH, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

### No. 16-71734

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 21, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

OIL, John M. McAdams, Jr., DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

### MEMORANDUM **

Jatinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely, where he filed the motion more than two years after his final administrative order of removal, failed to establish the due diligence required for equitable tolling of the filing deadline, and failed to present sufficient evidence of materially changed country conditions in India to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the petitioner exercises due diligence in discovering such circumstances); *Najmabadi*, 597 F.3d at 988-90 (new evidence lacked materiality).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In light of our disposition, we do not reach Singh's remaining contentions regarding the alleged ineffectiveness of prior counsel or eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Singh has waived his contention that the BIA ignored evidence submitted with his motion. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

**PETITION FOR REVIEW DENIED.**